UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

GEEBO LLC, a Wisconsin limited liability
company, d/b/a THE SOMERS HOUSE,
1548 Sheridan Road
Kenosha, WI 53140,

      Plaintiff,             Case No. _____

v.

VILLAGE OF SOMERS, a Wisconsin
Municipality,
7511 – 12th Street
Kenosha, WI 53144,

      Defendant.

---

## COMPLAINT

---

Plaintiff, Geebo LLC, d/b/a The Somers House, by its attorneys, Davis & Kuelthau, s.c., alleges as follows:

### PARTIES

1. Plaintiff, Geebo LLC, is a Wisconsin limited liability company with its principal place of business located at 1548 Sheridan Road, Kenosha, Wisconsin 53140, doing business as The Somers House.

2. Defendant, Village of Somers ("Village"), is a Wisconsin Municipality located at 7511 - 12th Street, Kenosha, Wisconsin 53144.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this dispute pursuant to 42 U.S.C. § 1331, which provides the district courts shall have "original jurisdiction of all civil rights actions arising under the Constitution, laws or treaties of the United States."

4. This Court has personal jurisdiction over the Village because the Village is a local government located within the state of Wisconsin.

5. Venue is proper pursuant to 42 U.S.C. § 1391 because the Village resides in this judicial district and the acts giving rise to this lawsuit arose in this judicial district.

## NATURE OF CASE

6. Plaintiff has owned and operated a restaurant and bar in the Village, near Carthage College, since 2007. Prior to the Village incorporating in 2015, Plaintiff had always obtained a full and unrestricted cabaret license from Kenosha County, permitting Plaintiff (and other similarly-situated restaurant/bars) to offer live music and other entertainment during working hours. After incorporating, the Village enacted its own cabaret license ordinance. The ordinance provided for an initial probationary license, which Plaintiff and four other establishments applied for and were granted without any restrictions. The ordinance provided further that, before a regular license would be issued, the licensee's performance under the probationary license would be evaluated based upon investigations and reports from the Sheriff's Department, Village Building Inspector, and Village Fire Chief. The Village violated Plaintiff's rights to substantive due process and equal protection by arbitrarily restricting, the hours on Plaintiff's regular cabaret license without any evidence in the record of problems with Plaintiff's restaurant and bar, and without the required investigation and report from the Sheriff's Department, while it granted the other four similarly-situated applicants regular unrestricted cabaret licenses.

## FACTUAL ALLEGATIONS

7. Geebo LLC operates The Somers House, a restaurant and bar in the Village.

8. The Gochis family has owned and operated The Somers House since 2007.

2

9. From 2008 to 2015, prior to the Village's incorporation, Plaintiff was required to apply for an annual cabaret license from Kenosha County. The County's cabaret license ordinance, KCO § 8.02(2)(e), required that every applicant for a cabaret license, or annual renewal thereof, submit an application to the County Clerk, who:

> shall notify the town or village where in the proposed licenses to be held, publish class-one notice of such application in a newspaper circulated in said town or village, and forward such application to the sheriff, who shall then investigate or cause to be investigated such application for the purpose of determining whether the place to be licensed will comply with all the laws and regulations applicable thereto. The sheriff shall, within 30 days, thereupon furnished to the judiciary and law enforcement committee of the Kenosha County Board in writing the information derived from such investigation, which committee shall then hold a public hearing on such application.

10. Every year from 2008 to 2015, the County granted Plaintiff a full and unrestricted cabaret license.

11. The Town of Somers incorporated as a Village on April 24, 2015.

12. The Village did not initially adopt a cabaret license ordinance when it passed its first set of ordinances, but waited until the spring of 2016. A copy of Village of Somers Code § 12.15, is attached as <u>Exhibit A</u>. It became effective on April 26, 2016. Among other things, section 12.15(B)(6) of the ordinance provides for a 6-month probationary license prior to the issuance of a regular cabaret license.

13. The Village's ordinance also required that "music and entertainment which is amplified inside shall cease after 10 PM on Sunday through Thursday and 12 AM on Friday and Saturday." In contrast, the County ordinance had allowed for music until closing time.

14. At the end of the probationary period, the ordinance prescribed the necessary steps the Village was required to take to evaluate whether a full cabaret license should be granted. The ordinance required that

> consideration by the Village Board shall be preceded by an investigation by the Kenosha County Sheriff to determine if the licensee has complied with this ordinance ***during the time that the probationary license has been in effect.*** The sheriff shall thereupon furnish to the board in writing the information derived from such investigation within thirty (30) days after application for a regular license.
> (emphasis supplied)

15. In the spring of 2016, Plaintiff and four other similarly-situated establishments applied for probationary cabaret licenses.

16. During the May 24, 2016 Village Board meeting, and after the necessary due diligence investigation, Plaintiff was granted a probationary cabaret license with no hourly restrictions beyond those stated within the ordinance. The probationary license ran from May 24, 2016 to November 20, 2016.

17. On or around November 1, 2016, Plaintiff and the other similarly-situated probationary cabaret license holders filed applications for a regular cabaret license to run from approximately November 20, 2016 to June 30, 2017.

18. On December 2, 2016, the Village requested additional information regarding the types of music that would be played at each of the licensee's establishments.

19. On December 6, 2016, the Somers House provided a response to the request for information.

20. After taking no action of the cabaret license applications at its December 13, 2016 and January 10, 2017 meetings, the Village Board, at its January 24, 2017, meeting, granted regular unrestricted cabaret licenses to the other four similarly-situated applicants, but took no

action on Plaintiff's application. The Board provided no explanation for not acting on Plaintiff's application.

21. On January 18, 2017, the Village asked Plaintiff for yet additional information related to its December 2, 2016 request.

22. Upon information and belief, none of the other similarly-situated establishments were asked to provide this additional information prior to being granted their regular, unrestricted cabaret licenses.

23. At the February 28, 2017 regular meeting of the Village Board, the Board voted to grant Plaintiff a restricted regular cabaret license, which restricted the hours during which entertainment could be offered at the Somers House to 9:00 p.m. Sunday-Thursday and 10:00 p.m. on Friday and Saturday, required the back door to be closed during any cabaret entertainment, and disallowed any outdoor cabaret entertainment.

24. None of the other similarly-situated establishments licenses' contained such restrictions.

25. During the presentation to the board by the Village Clerk, Mr. Kitzman, it was represented that the Somers House liquor license was restricted to serving alcohol indoors. This was an incorrect representation.

26. The Somers House alcohol license describes the premises where alcohol is to be sold or stored as the "Main bar area, Outside fenced area, and basement."

27. On March 1, 2017, Peter Gochis, a member of the family that owns Plaintiff, made an open records request to the Village asking for, among other things, the records of any and all complaints to the Village regarding the Somers House that occurred in the prior 12 months. The Village responded that no such records existed. A true and correct copy of that

open records request and Atty. Jeffrey Davison's response the very same day is attached hereto as Exhibit B.

28. The Somers House subsequently requested that Village Clerk Tim Kitzman provide copies of any and all records he or the Village Board relied upon in making its decision to restrict the Somers House's cabaret license. Specifically mentioned in the request were any and all records of complaints during the probationary period and the Sheriff's Department's written report as required under § 12.15(C)(1).

29. In response, Clerk Kitzman provided copies of the agenda packets for the Village of Somers meetings during which the cabaret licenses were discussed. The agenda packets did not contain records of complaints, nor did they contain the required sheriff's report.

30. The Somers House again requested that Mr. Kitzman provide the required written report of whether the Somers House complied with the cabaret license during the period of its probationary license, from May 24, 2016 to November 30, 2016.

31. In response, Mr. Kitzman provided a single document, a printout from the Kenosha County Sheriffs' Department computer system. The report was generated on May 18, 2016, prior to Somers House's probationary period commencing on May 24, 2016.

32. No other documents were provided that the Village relied upon in reaching its decision to restrict Plaintiff's cabaret license.

33. The Village Board voted to restrict the hours of Plaintiff's regular cabaret license knowing that the record contained no evidence whatsoever of problems or complaints during the period of its probationary cabaret license, and contained no report from the Sheriff's Department. In doing so, the Board arbitrarily disregarded its newly-enacted ordinance, which requires a fact-based determination based upon the investigations and reports by the Sheriff's Department, Village Building Inspector, and Village Fire Chief.

6

Case 2:19-cv-00175-PP   Filed 02/01/19   Page 6 of 9   Document 1

## CLAIM FOR VIOLATION OF 42 U.S.C. § 1983
(Substantive Due Process)

34. The Allegations in paragraphs 1 – 33 are incorporated herein by reference.

35. The due process clause of the 14th amendment to the United States Constitution prohibits the government, including local governments, from depriving any person of his or her property without due process of law.

36. Plaintiff, Geebo LLC, is a "person" within the meaning of the due process clause of the 14th Amendment.

37. Geebo LLC has a known property interest in receiving an unrestricted cabaret license under the Village's ordinances. Plaintiff received its probationary license without any restrictions and satisfied all obligations during the probationary period without complaint from any resident.

38. The Village irrationally and arbitrarily restricted the cabaret license without any factual or legal basis for doing so and thus, deprived the plaintiff of it substantive due process rights in violation of 42 U.S.C. § 1983.

39. The Plaintiff's business has suffered damages from loss of revenue and injury to reputation because of the Village's actions.

40. The Village's conduct was malicious or in reckless disregard of Plaintiff's rights, thus meriting punitive damages.

## CLAIM FOR VIOLATION OF 42 U.S.C. § 1983
(Equal Protection)

41. The allegations in paragraphs 1-40 are incorporated herein by reference.

42. The Village intentionally and arbitrarily discriminated against Plaintiff by singling Plaintiff out for unfavorable treatment even though it knew or should have known based

upon their public duties that there was no rational basis for this unequal treatment under the Village's ordinances, or otherwise.

43. Plaintiff was the victim of discriminatory unequal treatment by the Village because it arbitrarily and without any rational basis restricted the Plaintiff's cabaret license and knew or should have known that there was no rational justification for the restriction, and also knew that there was no basis to treat Plaintiff differently than similarly-situated applicants.

44. The Village wholly failed to provide any evidence of a rational basis to treat Plaintiff different than similarly-situated applicants.

45. Trustee Joseph Cardinali has expressly stated, both on and off the record, his personal animus and motivation to put the Somers House out of business. He specifically, on the record, called Plaintiff's owners names, such as gangsters, and stated that "we should have denied them in the first place last year, but we didn't." His intent in creating the Village's cabaret licensing process and thereafter manipulating the cabaret licensing process was to directly discriminate against Plaintiff and ensure that, of the five similarly-situated applicants, only the Plaintiff did not receive a full cabaret license. The Somers House was the only cabaret license issued with restricted hours.

46. The Plaintiff's business has suffered damages from loss of revenue and injury to reputation because of the Village's actions as set forth above.

47. The Village's conduct was malicious or in reckless disregard of Plaintiff's rights, thus meriting punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this action.

Wherefore, Plaintiff, Geebo LLC, respectfully requests that the Court:

A. Enter a judgment in favor of Geebo LLC, finding that the Village of Somers violated Geebo's substantive due process rights and its right to equal protection;

B. Awarding Geebo LLC its damages, punitive damages, as well as fees and costs, including attorneys' fees in this action, pursuant to 42 U.S.C. § 1988; and

C. Any further relief this Court deems proper.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2019.

        *s/M. Andrew Skwierawski*
        M. Andrew Skwierawski (WI SBN: 1063902)
        Dillon J. Ambrose (WI SBN: 1041416)
        DAVIS & KUELTHAU, s.c.
        111 East Kilbourn Avenue, Suite 1400
        Milwaukee, WI 53202
        T: (414) 276-0200
        F: (414) 276-9369
        askwierawski@dkattorneys.com
        dambrose@dkattorneys.com

        *Attorneys for Plaintiff, Geebo LLC, d/b/a The Somers House*