UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEEBO LLC d/b/a THE SOMERS HOUSE,

    Plaintiff,

v.

Case No. 2:19-cv-00175-PP

VILLAGE OF SOMERS,
TIMOTHY KITZMAN,
JEFFREY DAVISON, and
JOHN/JANE DOES,

    Defendants.

## DECLARATION OF JASON P. GEHRING

Jason P. Gehring states under penalty of perjury that the following is true:

1. I am one of the attorneys for Defendants the Village of Somers, Timothy Kitzman, and Jeffrey Davison in the above-referenced matter. I make this declaration in support of the Defendant's Response to Plaintiff's Rule 7(h) Expedited, Non-Dispositive Motion for Leave to File Second Amended Complaint.

2. To date, the parties have expended significant time and expense in discovery, including engaging in written discovery and taking five depositions.

3. On July 28, 2020, counsel for the Plaintiff requested via email an extension of the dispositive motion and discovery deadlines in this action. A true and correct copy of that email is attached as Exhibit A.

4. On July 30, 2020, I participated in a telephone conference with Plaintiff's counsel regarding the Plaintiff's request for an extension. We addressed the requested extension of deadlines, further depositions that may be taken, and general prospect of compromise negotiations

in light of the discovery conducted to date. Regarding the extension, I informed Plaintiff's counsel that I did not think my clients had to agree to the extension since we offered to schedule Village representative depositions in July and, but for missing transcripts, were ready to file our dispositive motion by August 3, 2020 and had completed discovery necessary to do so. I then went on to indicate that I had discussed the requested extension with my clients and they would agree to the extension as a courtesy. At no time before granting the extension did counsel for Plaintiff express a desire to amend the pleadings again. Regarding the discussion of the general prospect of compromise negotiations in light of the discovery conducted to date, my understanding and expectation was that those discussions were confidential consistent with Fed. R. Civ. P. 408. As a result, I do not intend to fully divulge those discussions unless directed to do so by the Court and, instead, Defendants plan to rely on arguments in their imminent motion for summary judgment as to why this case should be dismissed. However, to clarify the record, I did not state that my clients intended to seek dismissal of all claims based on a position that—regardless of testimony from Mr. Cardinali (the whistleblower) that Defendants crafted and applied the Village ordinance to harm Somers House—Defendants had the authority and discretion under the ordinance to restrict Somers House's license as they did.

5. On August 3, 2020, I received an email from Plaintiff's counsel requesting consent from the Defendants for the Plaintiff to file a second amended complaint. Plaintiff's counsel did not provide a copy of the proposed amended pleading. The following day, I responded that I would need to consult with my clients, but that it was unlikely that the Defendants would stipulate to another amended pleading. I also requested that Plaintiff's counsel send a copy of the proposed amended pleading. True and correct copies of those emails are attached as Exhibit B.

6. On August 5, 2020, Plaintiff's counsel provided a copy of the proposed second amended complaint by e-mail and indicated that the Plaintiff intended to file an expedited motion for leave to amend its pleadings. Within minutes thereafter, the Plaintiff filed its motion for leave to amend the second amended complaint. A true and correct copy of the e-mail is attached as Exhibit C.

7. On August 7, 2020, Plaintiff's counsel sent me an email providing, among other things, a second set of requests for production of documents, which in part seek documents regarding all drafts and communications regarding the Village's cabaret ordinance. This contradicts the Plaintiff's statement in its motion that its second amended complaint would not require further discovery, and illustrates the sort of additional discovery that will be required if the Plaintiff's motion for leave to amend is granted. A true and correct copy of the Plaintiff's second set of requests for production of documents is attached as Exhibit D.

Signed under penalty of perjury this 11th day of August, 2020.

*electronically signed by Jason P. Gehring*
Jason P. Gehring
State Bar No. 1061084