| | |
|---|---|
| **From:** | Jason Gehring |
| **Sent:** | Tuesday, August 04, 2020 10:45 PM |
| **To:** | Wiesner, Ryan M. |
| **Cc:** | Skwierawski, M. Andrew |
| **Subject:** | RE: Somers House Litigation |

Ryan:

I need to discuss with my clients but do not expect we will stipulate, in particular without seeing the proposed amended pleading. Even if you do provide a copy, I'm not certain we will stipulate as I suspect it will impact discovery that has already been completed and, as you know, we were prepared to file a motion for summary judgment based on the pleadings that have existed for over a year. I will try to get you a more definitive response tomorrow. In the meantime, in order to fully consider your request, it would be helpful if you can provide a copy of the proposed amended pleading.

Thanks.



**JASON P. GEHRING** | ATTORNEY

One Park Plaza
11270 West Park Place, Ste. 500
Milwaukee, WI 53224
T: 414.577.4037
F: 414.577.4400
WWW.KASDORF.COM

---

**From:** Wiesner, Ryan M. [mailto:RWiesner@dkattorneys.com]
**Sent:** Tuesday, August 04, 2020 10:34 PM
**To:** Jason Gehring <jgehring@kasdorf.com>
**Cc:** Skwierawski, M. Andrew <askwierawski@dkattorneys.com>
**Subject:** Somers House Litigation

Hi Jason,

I hope all is going well with you. I'm following up on my email from yesterday requesting Defendants' consent to Somers House submitting a Second Amended Complaint to clarify its intent to seek declaratory relief concerning the legality of provisions within the regular cabaret ordinance. I'd prefer to get this issue before the court, if need be, as early as possible to leave adequate time considering looming deadlines. Please let me know Defendants' position as soon as you can.

    Ryan

**Exhibit B**



Ryan M. Wiesner
Attorney

T: 414.225.1443
F: 414.278.3600
rwiesner@dkattorneys.com
www.dkattorneys.com

111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202-5613

BROOKFIELD | GREEN BAY | MILWAUKEE    V-CARD

| | |
|---|---|
| **From:** | Wiesner, Ryan M. <RWiesner@dkattorneys.com> |
| **Sent:** | Monday, August 03, 2020 3:27 PM |
| **To:** | Jason Gehring |
| **Cc:** | Skwierawski, M. Andrew |
| **Subject:** | RE: Somers House Litigation |

Hi Jason,

Thanks for the note on these depositions. Please book them for those dates and let me know what time you'd prefer to start—I can be at your office (assuming that's where you'd like to hold the depositions) by 9 a.m. I'd like to depose Mr. Kitzman on the 20th and then Mr. Davison on the 21st. I'll prepare and send notices soon.

Additionally, based on our conversation from last week (7/30) it came out that the Village of Somers and its representative defendants are taking the position (potentially in a dispositive motion) that they had the authority and discretion under the Village's cabaret ordinance to lawfully restrict the Somers House's regular cabaret license—regardless of whether former Trustee Cardinali's statements from his declaration are true, i.e., that the ordinance on its face gave the Village the ability and right to restrict Somers House's ordinance in the manner it did. This conversation was on the heels of discussing potential resolution (understanding that these conversations were very preliminary and none of our clients have inquired about mediation just yet). I relayed our position that we believe Atty. Davison and Mr. Kitzman did not have the discretion or authority (with the trustees) to act as they did against our client because the ordinance was not proper.

I informed you that the authority/discretion under the ordinance seems to be the key issue in this lawsuit and that by your dispositive motion (or one filed by Somers House) we need to tee this issue up for Judge Pepper to resolve.

I believe Somers House can raise this issue in a dispositive motion, i.e., the legality/constitutionality of the cabaret ordinance (facially or as applied) based on our current pleadings, but out of an abundance of caution we wish to seek to amend our current pleading to include a claim for declaratory judgment and express claim for relief on this point.

Our new pleading would not include any new facts (or require new discovery). The Second Amended Complaint would simply include an added count for declaratory relief—that sections of the regular cabaret portion of the Village's cabaret ordinance are unlawful on their face or as applied to Somers House (under the First, Fifth, and/or Fourteenth Amendment). I would then include one added request for relief in our Prayer for Relief, asking for an order to this effect. This would be a legal issue for the court to decide and, again, will very likely be the subject of a dispositive motion from Somers House. A new declaratory judgment claim as we're presenting it will not have any affect any soon-to-be filed dispositive motion from your clients—you can, as you've represented, still file a motion seeking to dismiss the claims against your clients as currently pled.

It is well-known that Judge Pepper's docket is very heavy currently so I don't want to bog her and her staff down with a motion for leave to amend if we can avoid doing so. For that reason I am asking for your consent under Fed. R. Civ. P. 15 to file a new pleading with this limited, non-factual addition. Please let me know as soon as you can whether we have the defendants' consent. If not, we will seek leave to amend from the court.

Thanks in advance for your assistance with scheduling the depositions of your client and your time in considering our pleading request.

    Ryan



Ryan M. Wiesner
Attorney

T: 414.225.1443
F: 414.278.3600
rwiesner@dkattorneys.com
www.dkattorneys.com

111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202-5613

BROOKFIELD | GREEN BAY | MILWAUKEE    V-CARD