UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

GEEBO LLC, a Wisconsin limited liability
company, d/b/a THE SOMERS HOUSE,

    Plaintiff,

v.               Case No. 19-CV-00175

VILLAGE OF SOMERS, a Wisconsin Municipality,
TIMOTHY KITZMAN, in individual and official capacities,
JEFFREY DAVISON, in individual and official capacities,
and JOHN/JANE DOES, in individual and official capacities,

    Defendant.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

---

Now come the above-named Defendants, the Village of Somers (the "Village"), Timothy Kitzman, and Jeffrey Davison, in their individual and official capacities, by their attorneys, Kasdorf, Lewis & Swietlik, S.C., as and for an Answer to the Plaintiff's Second Amended Complaint, admit, deny, and allege to the Court as follows:

### PARTIES

1. In answer to paragraph 1, upon information and belief, admit.

2. In answer to paragraph 2, admit.

3. In answer to paragraph 3, admit that Timothy Kitzman is the Village Clerk for the Village, whose office is located at 7511 12th Street, Kenosha, Wisconsin 53144. As to all other allegations contained in paragraph 3, deny.

4. In answer to paragraph 4, admit that Jeffrey Davison is the Village Attorney for the Village, and that his office is located at 1207 55th Street, Kenosha, Wisconsin 53140. As to all other allegations contained in paragraph 4, deny.

5. In answer to paragraph 5, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny the same and put the Plaintiff to its strict proof thereon.

## JURISDICTION AND VENUE

6. In answer to paragraph 6, admit.

7. In answer to paragraph 7, admit.

8. In answer to paragraph 8, admit.

9. In answer to paragraph 9, admit.

## NATURE OF CASE

10. In answer to the first sentence of paragraph 10, deny. In answer to the second sentence of paragraph 10, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 10, and therefore deny the same and put the Plaintiff to its strict proof thereon. In answer to the third sentence of paragraph 10, admit that the Village enacted its own cabaret license ordinance after incorporating, but deny the characterization of "shortly after." In answer to the fourth sentence of paragraph 10, admit only that the Plaintiff applied for and received a probationary cabaret license from the Village, which did not contain any restrictions or conditions beyond the general limitations contained in the Village of Somers, Wis. Code of Ordinances (the "Village Ordinances") § 12.15. As to all other allegations contained in paragraph 10, deny.

11. In answer to paragraph 11, admit.

12. In answer to paragraph 12, deny.

13. In answer to paragraph 13, upon information and belief, deny that the Plaintiff was required to apply for an annual cabaret license from Kenosha County from 2008 to 2015, as it did

2

not operate The Somers House until 2015 and was not organized with the Wisconsin Department of Financial Institutions until March of 2015. Upon information and belief, admit the quoted language from Kenosha County, Wis. Municipal Ordinances ("Kenosha County Ordinances") § 8.02(2)(e) is accurate. As to all other allegations contained in paragraph 13, these answering Defendants lack sufficient information to form a belief as to the truth of those allegations, and therefore deny the same and put the Plaintiff to its strict proof thereon.

14. In answer to paragraph 14, deny.

15. In answer to paragraph 15, admit.

16. In answer to paragraph 16, admit.

17. In answer to paragraph 17, admit that under Village Ordinances § 12.15(F)(9), "Music and other entertainment which is amplified inside shall cease after 10:00 p.m. on Sunday through Thursday and 12:00 a.m. on Friday and Saturday." Further admit that Kenosha County Ordinances § 8.02(6)(i) states, "Music and other entertainment which is amplified inside shall cease after 1:00 a.m. with the exception that said music shall cease after 2:00 a.m. during daylight savings time." Affirmatively allege that Kenosha County Ordinances § 8.02(6)(j) states, "Music may be amplified outside only during daylight hours subject to the [noise control] provisions of (d) above. Amplified music is allowed outside after dark for establishments operating under 8.01 Activity Control License." As to all other allegations contained in paragraph 17, these answering Defendants lack sufficient information to form a belief as to the truth of those allegations, and therefore deny the same and put the Plaintiff to its strict proof thereon.

18. In answer to paragraph 18, admit.

19. In answer to paragraph 19, deny that Village Ordinances § 12.15(C)(1) is accurately described or fully quoted, and as a result, deny.

20. In answer to paragraph 20, admit that in the spring of 2016, the following establishments applied to the Village for probationary cabaret licenses in addition to the Plaintiff: Kenosha Country Club, Paradise Lounge LLC d/b/a Upper Deck Bar, Cortese Supper Club Inc. d/b/a Cortese Restaurant, M&R Inc. d/b/a Hob Nob Restaurant, and Icky Rickys. Deny that the Plaintiff was similarly situated to any of the other establishments receiving probationary cabaret licenses.

21. In answer to paragraph 21, admit that during the May 24, 2016, Village Board meeting, the Plaintiff was granted a probationary cabaret license, with no hourly restrictions beyond those stated within the ordinance. The probationary license ran from May 24, 2016, to November 20, 2016. Further, admit that four other establishments were granted probationary cabaret licenses on the same date with similar restrictions and licensing. Deny that the other establishments were similarly situated to the Plaintiff. Further, affirmatively allege that an additional establishment who sought a probationary cabaret license was not granted a license at the May 24, 2016, Village Board meeting. As to all other allegations contained in paragraph 21, these answering Defendants lack sufficient information to form a belief as to the truth of those allegations, and therefore deny the same and put the Plaintiff to its strict proof thereon.

22. In answer to paragraph 22, admit that on or around November 1, 2016, the Plaintiff filed an application for a regular cabaret license. Further, admit that on or around November 1, 2016, four other probationary cabaret license-holders filed applications for a regular cabaret license. However, deny that the other probationary cabaret license-holders were similarly situated to the Plaintiff. As to all other allegations contained in paragraph 22, these answering Defendants lack sufficient information to form a belief as to the truth of those allegations, and therefore deny the same and put the Plaintiff to its strict proof thereon.

23. In answer to paragraph 23, admit that on December 2, 2016, the Village requested additional information from applicants for a regular cabaret license. Deny that the allegations contained in paragraph 23 accurately describe the information requested by the Village.

24. In answer to paragraph 24, upon information and belief, admit.

25. In answer to paragraph 25, admit that on January 24, 2017, the Village Board granted regular cabaret licenses to all applicants besides the Plaintiff, and that no specific reason was provided for tabling the Plaintiff's application at the January 24, 2017, Village Board meeting. Affirmatively allege that the Village Board was not required to provide any particular reason for tabling the Plaintiff's application, and that no one present at the January 24, 2017, Village Board meeting requested an explanation for why the Plaintiff's application was being tabled. Further, affirmatively allege that reasons for tabling Plaintiff's application were discussed at a prior Village Board work session on January 17, 2017. Deny that the applicants receiving regular cabaret licenses on January 24, 2017, were similarly situated to the Plaintiff.

26. In answer to paragraph 26, admit.

27. In answer to paragraph 27, admit that no other regular cabaret license applicant besides the Plaintiff was asked to provide further information in January 2017. Deny that any other applicant for a regular cabaret license was similarly situated to the Plaintiff.

28. In answer to paragraph 28, admit that at the February 28, 2017, Village Board meeting, the Village Board voted to grant the Plaintiff a regular cabaret license with the restrictions alleged in paragraph 28. Further, affirmatively allege that the cabaret license was subsequently issued with the following conditions: "Entertainment limited to DJ, Bands, Open Mic & Karaoke. Hours limited to Sunday-Thursday: 12:00 noon to 9 p.m., Friday & Saturday: 12:00 noon to 10

5

p.m. Back door must be closed during cabaret entertainment. No outdoor cabaret entertainment is permitted."

29. In answer to paragraph 29, deny that the Plaintiff was being "singled out and treated differently" than similarly-situated applicants. Further, deny that any other applicant for a regular cabaret license was similarly situated to the Plaintiff. Therefore, deny all of the allegations contained in paragraph 29.

30. In answer to paragraph 30, deny that any other applicant for a regular cabaret license was similarly situated to the Plaintiff. Therefore, deny all of the allegations contained in paragraph 30

31. In answer to paragraph 31, deny.

32. In answer to paragraph 32, admit.

33. In answer to paragraph 33, deny.

34. In answer to paragraph 34, deny.

35. In answer to paragraph 35, admit that Exhibit B attached to the Plaintiff's Second Amended Complaint is a copy of an open records request from Peter Gochis and a letter from Defendant Davison. Affirmatively allege that the letters speak for themselves and deny any allegations contained in paragraph 35 that are inconsistent with the letters. As to all other allegations contained in paragraph 35, these answering Defendants lack sufficient information to form a belief as to the truth of those allegations, and therefore deny the same and put the Plaintiff to its strict proof thereon.

36. In answer to paragraph 36, deny.

37. In answer to paragraph 37, deny.

38. In answer to paragraph 38, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 38, and therefore deny the same and put the Plaintiff to its strict proof thereon.

39. In answer to paragraph 39, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 39, and therefore deny the same and put the Plaintiff to its strict proof thereon.

40. In answer to paragraph 40, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 40, and therefore deny the same and put the Plaintiff to its strict proof thereon.

41. In answer to paragraph 41, admit only that former Trustee Joseph Cardinali met with the Gochises on or around December 18, 2018. As to all other allegations contained in paragraph 41, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to such allegations, and as a result, deny such allegations.

42. In answer to paragraph 42, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 42, and as a result, deny.

43. In answer to paragraph 43, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 43, and as a result, deny.

44. In answer to paragraph 44, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 44, and as a result, deny.

45. In answer to paragraph 45, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 45, and as a result, deny.

46. In answer to paragraph 46, deny.

47. In answer to paragraph 47, deny.

48. In answer to paragraph 48, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 48, and as a result, deny.

49. In answer to paragraph 49, deny.

50. In answer to paragraph 50, deny.

51. In answer to paragraph 51, deny.

52. In answer to paragraph 52, deny.

53. In answer to paragraph 53, deny.

54. In answer to paragraph 54, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 54, and as a result, deny.

55. In answer to paragraph 55, deny.

56. In answer to paragraph 56, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 56, and as a result, deny.

57. In answer to paragraph 57, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 57, and as a result, deny.

58. In answer to paragraph 58, admit only that the December 11, 2018, Village Board meeting minutes are not listed on Exhibit D. Affirmatively allege that the December 11, 2018, Village Board meeting minutes were accessible on the Village's website on the date this Answer was filed.

**FIRST CAUSE OF ACTION:**
**CLAIM FOR VIOLATION OF 42 U.S.C. § 1983**
**(AGAINST INDIVIDUAL DEFENDANTS AND JOHN/JANE DOE,**
**IN INDIVIDUAL CAPACITIES)**
(Substantive Due Process)

59. In answer to paragraph 59, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 58 above.

60. In answer to paragraph 60, the allegations contained in paragraph 60 involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that paragraph 60 fully describes the Fourteenth Amendment to the United States Constitution or the elements to establish a claim for violation of the Fourteenth Amendment under 42 U.S.C. § 1983, and as a result, deny.

61. In answer to paragraph 61, admit.

62. In answer to paragraph 62, deny.

63. In answer to paragraph 63, deny.

64. In answer to paragraph 64, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 64, and as a result, deny.

65. In answer to paragraph 65, deny.

66. In answer to paragraph 66, deny.

9
Case 2:19-cv-00175-BHL   Filed 11/05/20   Page 9 of 18   Document 77

67. In answer to paragraph 67, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 67, and as a result, deny.

68. In answer to paragraph 68, deny.

69. In answer to paragraph 69, deny.

70. In answer to paragraph 70, deny.

71. In answer to paragraph 71, deny.

72. In answer to paragraph 72, deny.

73. In answer to paragraph 73, deny.

74. In answer to paragraph 74, deny.

75. In answer to paragraph 75, deny.

76. In answer to paragraph 76, deny.

77. In answer to paragraph 77, deny that the at-issue Village Ordinance was enacted with the express purpose of harming any single entity. As to all other allegations contained in paragraph 77, those allegations call for a legal conclusion for which no answer is required. To the extent the Court requires an answer, deny.

78. In answer to paragraph 78, deny that the Village Board, or any Village employee, limited any entity's cabaret license with the purpose of "setting that entity up to fail." As to all other allegations contained in paragraph 78, those allegations call for a legal conclusion for which no answer is required. To the extent the Court requires an answer, deny.

79. In answer to paragraph 79, deny.

80. In answer to paragraph 80, deny.

81. In answer to paragraph 81, deny.

82. In answer to paragraph 82, deny.

## SECOND CAUSE OF ACTION: CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 (AGAINST INDIVIDUAL DEFENDANTS AND JOHN/JANE DOE, IN INDIVIDUAL CAPACITIES)
(Equal Protection)

83. In answer to paragraph 83, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 82 above.

84. In answer to paragraph 84, deny.

85. In answer to paragraph 85, deny.

86. In answer to paragraph 86, deny.

87. In answer to paragraph 87, admit that the quoted text appears in the Village Ordinances. Deny that paragraph 87 accurately or fully sets forth the relevant provisions of the Village Ordinances, and deny all other allegations contained in paragraph 87.

88. In answer to paragraph 88, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 88, and as a result, deny.

89. In answer to paragraph 89, deny.

90. In answer to paragraph 90, deny.

91. In answer to paragraph 91, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 91, and as a result, deny.

92. In answer to paragraph 92, deny.

93. In answer to paragraph 93, deny.

94. In answer to paragraph 94, deny.

## THIRD CAUSE OF ACTION:
## *MONELL* CLAIM AGAINST DEFENDANT KITZMAN, IN HIS OFFICIAL CAPACITY

95. In answer to paragraph 95, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 94 above.

96. In answer to paragraph 96, the allegations contained in paragraph 96 involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that the allegations in paragraph 96 accurately or completely state the law, and as a result, deny.

97. In answer to paragraph 97, admit that Defendant Kitzman was employed as the Village Clerk/Treasurer. As to all other allegations contained in paragraph 97, those allegations involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that those allegations accurately or completely state the law, and as a result, deny.

98. In answer to paragraph 98, admit.

99. In answer to paragraph 99, deny.

100. In answer to paragraph 100, admit only that the stated section of the Wisconsin Statutes is partially quoted. Deny that paragraph 100 fully or accurately describes all of the statutory duties of a Village Clerk as it relates to ordinances and licenses.

101. In answer to paragraph 101, admit only that the stated section of the Village Ordinances is partially quoted. Deny that paragraph 101 fully or accurately describes all of the statutory duties of a Village Clerk as it relates to ordinances and licenses.

102. In answer to paragraph 102, admit only that the stated section of the Village Ordinances is partially quoted. Deny that paragraph 102 fully or accurately describes all of the statutory duties of a Village Clerk as it relates to ordinances and licenses.

103. In answer to paragraph 103, admit that the stated section of the Village Ordinances is partially quoted.

104. In answer to paragraph 104, the allegations contained in paragraph 104 involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny paragraph 104 accurately or completely states the law, and as a result, deny.

105. In answer to paragraph 105, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 105, and as a result, deny.

106. In answer to paragraph 106, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 106, and as a result, deny.

107. In answer to paragraph 107, deny.

108. In answer to paragraph 108, deny.

109. In answer to paragraph 109, deny.

110. In answer to paragraph 110, admit only that the quoted text appears in the Village Ordinances. As to all other allegations contained in paragraph 110, those allegations involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that paragraph 110 accurately or completely states the law, and as a result, deny.

111. In answer to paragraph 111, deny.

112. In answer to paragraph 112, deny.

**FOURTH CAUSE OF ACTION:**
***MONELL* CLAIM AGAINST DEFENDANT DAVISON, IN HIS OFFICIAL CAPACITY**

113. In answer to paragraph 113, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 112 above.

114. In answer to paragraph 114, the allegations contained in paragraph 114 involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that paragraph 114 accurately or completely states the law, and as a result, deny.

115. In answer to paragraph 115, admit only that defendant Davison was the Village Attorney. As to all other allegations contained in paragraph 115, deny.

116. In answer to paragraph 116, admit.

117. In answer to paragraph 117, deny.

118. In answer to paragraph 118, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 118, and as a result, deny.

119. In answer to paragraph 119, deny.

120. In answer to paragraph 120, deny.

121. In answer to paragraph 121, deny.

122. In answer to paragraph 122, admit that the stated section of the Village Ordinances is partially quoted.

123. In answer to paragraph 123, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 123, and therefore deny the same and put the Plaintiff to its strict proof thereon.

124. In answer to paragraph 124, these answering Defendants object to answering the allegation contained in paragraph 124, as it impermissibly seeks an answer providing information protected by attorney-client privilege. To the extent the Court requires an answer, incorporating the objection, deny.

125. In answer to paragraph 125, these answering Defendants object to answering the allegation contained in paragraph 125, as it impermissibly seeks an answer providing information protected by attorney-client privilege. To the extent the Court requires an answer, incorporating the objection, deny.

126. In answer to paragraph 126, these answering Defendants object to answering the allegation contained in paragraph 126, as it impermissibly seeks an answer providing information protected by attorney-client privilege. To the extent the Court requires an answer, incorporating the objection, deny.

127. In answer to paragraph 127, deny.

## FIFTH CAUSE OF ACTION:
## *MONELL* CLAIM AGAINST DEFENDANT JOHN/JANE DOE(S), IN HIS/HER OFFICIAL CAPACITY

128. In answer to paragraph 128, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 127 above.

129. In answer to paragraph 129, the allegations contained in paragraph 129 involve legal conclusions to which no answer is required. To the extent the Court requires an answer, deny that paragraph 129 accurately or completely states the law, and as a result, deny.

130. In answer to paragraph 130, these answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 130, and therefore deny the same and put the Plaintiff to its strict proof thereon.

131. In answer to paragraph 131, deny.

132. In answer to paragraph 132, deny former Trustee Joseph Cardinali's statements were the municipal policy, and further deny that the Declaration signed by former Trustee Joseph

Cardinali fully or accurately describes matters related to the allegations contained in paragraph 132. As a result, deny the allegations contained in paragraph 132.

133. In answer to paragraph 133, deny.

134. In answer to paragraph 134, deny.

### SIXTH CAUSE OF ACTION:
### *MONELL* CLAIM AGAINST VILLAGE OF SOMERS

135. In answer to paragraph 135, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 134 above.

136. In answer to paragraph 136, deny.

137. In answer to paragraph 137, deny that the Declaration signed by former Trustee Joseph Cardinali fully or accurately describes matters related to the allegations contained in paragraph 137, and as a result, deny.

138. In answer to paragraph 138, deny.

139. In answer to paragraph 139, deny.

140. In answer to paragraph 140, deny.

141. In answer to paragraph 141, deny.

142. In answer to paragraph 142, deny.

143. In answer to paragraph 143, deny.

144. In answer to paragraph 144, deny.

145. In answer to paragraph 145, deny.

146. In answer to paragraph 146, deny.

147. In answer to paragraph 147, deny.

# CLAIM FOR DECLARATORY RELIEF: UNCONSTITUTIONALITY OF PROVISION OF THE REGULAR CABARET ORDINANCE

(Facial and as-applied constitutional challenge to Village Ordinance § 12.15(C)(3), under the First, Fifth and Fourteenth Amendment)

148. In answer to paragraph 148, these answering Defendants reallege and reincorporate herein by reference their answers to paragraphs 1 through 147 above.

149. In answer to paragraph 149, admit that the Plaintiff is seeking the relief set forth in paragraph 149. Deny that the at-issue provisions of the Village Ordinances are unconstitutional.

150. In answer to paragraph 150, admit.

151. In answer to paragraph 151, deny.

152. In answer to paragraph 152, deny.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against these answering Defendants pursuant to *Monell v. Department of Social Services of the City of New York*, 436 US 658 (1978), since there can be no recovery for a federal civil rights violation against a municipal entity where there is no constitutional deprivation occurring pursuant to government policy, custom or practice. The Plaintiff's Second Amended Complaint fails to allege facts sufficient to conclude that the alleged violations were as a result of a policy, custom or practice of the Village and, therefore, should be dismissed.

2. The Plaintiff's state law claims, if any, are subject to the procedural prerequisites for bringing or maintaining a cause of action under Wis. Stat. § 893.80(1)(a) and 1(b) and the exclusions, immunities and limitations on liability set forth in Wis. Stat. § 893.80.

3. The Plaintiff's claims for punitive damages against this answering defendant must be dismissed as punitive damages are not recoverable against a governmental entity. *See Smith v. Wade*, 461 US 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

4. Defendants Kitzman and Davison, in their individual capacities, are immune from suit under the doctrines of qualified immunity and discretionary immunity.

WHEREFORE, these answering Defendants request judgment dismissing the Plaintiff's Second Amended Complaint and awarding costs and attorney's fees as allowed by law.

**THESE ANSWERING DEFENDANTS HEREBY DEMAND A JURY TRIAL.**

Dated this 5th day of November, 2020.

                        KASDORF, LEWIS & SWIETLIK, S.C.
                        Attorneys for the Defendants

                        By: *electronically signed by Jason P. Gehring*
                        Jason P. Gehring
                        State Bar No. 1061084
                        jgehring@kasdorf.copm
                        Andrew S. Hovestol
                        State Bar No. 1102699
                        ahovestol@kasdorf.com
                        11270 West Park Place
                        Milwaukee, WI 53224
                        Phone: (414) 577-4000
                        Fax: (414) 577-4400